# IN THE UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT FLORIDA

October 14, 2023

**LEON BRIGHT, PRO SE**

OCT 24 2023 AM 11:55
FILED - USDC - FLMD - TPA

### PLAINTIFF,

V.

**CASE NO. (To Be Set)**

8:23cv-2414 -TPB - TGW

**ROBOGISTICS CO., WILBUR BROWN (Supervisor),**

**SALH WYATT-KHAN (Owner/CEO), DAVID MOORE,**

**(Chief Financial Officer), MATHEW LIVERMORE,**

**SALAHUDDIN WYAT-KHAN (Co-Owner),**

### DEFENDANTS,

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The Plaintiff **LEON BRIGHT**, Pro se hereby files this Complaint against the **DEFEDANTS**

**ROBOGISTICS CO. ET AL.,** (Defendants Collectively) and states;

## NATURE OF THE CAUSE OF ACTION

**1.** This is an action for damages for violations of **Title VII of the Civil Rights Act of 1964**, **42**

**U.S.C. Sec. 2000e,** eq seq., as amended by the **Civil Rights Act of 1991 (hereinafter**



1

"Title VII), and for violations of **42 U.S.C. Sec. 1981**, seeking damages in excess of **$75,000**, exclusive of interest and costs, as well as equitable relief, attorney fees and as well court costs.

## PARTIES, JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant **to 42 U.S.C.S. 1983, 42 U.S.C.S. 2000e, et seq., 42 U.S.C.S. 1988**, and **28 U.S.C.S. 1331 and 1343(a).**

3. Venue is proper under **28 U.S.C.S. 1391(a),** because the wrongful activities of which are complained occurred within the Middle District Court Jurisdiction. The place of business is established in Tampa Florida.

4. **LEON BRIGHT** is an African American male who resides in Riverview Florida and was hired as an employee for **ROBOGISTICS**. Regardless of being classified as an independent contractor, **ROBOGISTICS** controlled all daily functions of **LEON BRIGHT** as well as his hourly pay which characterizes him as an employee for **ROBOGISTICS**. In other words, **ROBOGISTICS** misclassified Plaintiff **Leon Bright** as an independent contractor.

5. **Defendant: ROBOGISTIC CO.**, is a Florida limited liability company, with its principal place of business located at: *8915 Maislin Dr., Tampa Fl. 33637, the alternative/secondary address is: 3451 57th St, Port Arthur, Tx 77642.*

2

6. **WILBUR BROWN** was acting *Supervisor* for **ROBOGISTICS** during the time of events complained of by **LEON BRIGHT**. **WILBUR BROWN** was hired by **ROBOGISTICS**. to supervise projects and **LEON BRIGHT** daily. His principal address is: **7127 Bonitio St, Tampa Fl, 33617, *the alternative/secondary address is: 8915 Maislin Dr., Tampa Fl. 33637.***

7. **SALH WYATT-KHAN** is the C.E.O. of **ROBOGISTICS** and who employed, retained, hired **WILBUR BROWN** to be acting Supervisor for **ROBOGISTICS. DEFENDANT SALH WYATTKHAN** was charged with the duty to hire, fire, and correct **DEFENDANT WILBUR BROWN. DEFENDANT SALH WYATTKHAN'S** principal address is: *8915 Maislin Dr., Tampa Fl. 33637, the* alternative*/secondary address is: 3451 57th St, Port Arthur, Tx 77642.*

8. **DAVID MOORE** is the *Chief Financial Officer* and *Operations Manager* of **ROBOGISTICS** his principal address is: *8915 Maislin Dr., Tampa Fl. 33637, his alternative/secondary address is: 3451 57th St, Port Arthur, Tx 77642.* He had the discretional power to hire, train, fire, correct, discipline, and pay and promote employees within the **ROBOGISTICS** business establishment including **DEFENDANT WILBUR BROWN**.

9. **MATHEW LIVERMORE** (who serves as a witness and instigator to certain events which took place on his watch at **ROBOGISTICS LLC.**) is one of the **Project Managers** having the power to train, control, correct, discipline, fire subordinate employees, especially

**WILBUR BROWN** and **LEON BRIGHT,**

10. At all times relevant, **LEON BRIGHT** was an employee within the meaning of **42 U.S.C.S. 2000e** and **42 U.S.C.S. 1981,**

11. At all times material, Defendant **ROBOGISTICS** was an employer of **LEON BRIGHT** pursuant to **42 U.S.C.S. 2000e(a)(b)** and **42 U.S.C.S. 1981** located in the **TAMPA** location. And as operating at the physical address: *8915 Maislin Dr., Tampa Fl. 33637,* *ROBOGISTICS' alternative/secondary address is: 3451 57th St, Port Arthur, Tx 77642.*

## GENERAL ALLEGATIONS

12. **LEON BRIGHT** has complied with all condition's precedent, including the timely filing of a Complaint with the **E.E.O.C.**, within 300 days of termination. And filed this present Complaint within 90 days of receiving the *Notice of Right to Sue* letter from the **E.E.O.C.**

13. **LEON BRIGHT** has exhausted all administrative remedies available to him during time these complained of events occurred.

14. At all times relevant, Defendants **ROBOGISTICS et al.**, acted intentionally or with malice and with reckless disregard for the federally protected rights of **LEON BRIGHT**. And each of the **DEFENDANTS: ROBOGISTICS, SALH WYATT-KHAN'S, DAVID MOORE, WILBUR BROWN, MATHEW LIVERMORE, SALAHUDDIN WYAT-KHAN** are all being sued in their: personal, supervisory, vicarious, or official capacities under **FLORIDA LAW.**

4

DEFENDANTS: **ROBOGISTICS, SALH WYATT-KHAN'S, DAVID MOORE, SALAHUDDIN WYAT-KHAN, and MATHEW LIVERMORE** knew or should have known **DEFENDANT WILBUR BROWN** was unfit for the title or position these Five **DEFENDANTS** named above gave **DEFENDANT WILBUR BROWN.**

## FACTS

15. **LEON BRIGHT** is a member of a protected class, based upon his race as an African

   American.

16. **LEON BRIGHT** was indeed hired by **ROBOGISTICS** regardless of the misclassification

   of being an independent contractor.

17. On or about July 11, 2023, and sometime before this date, **ROBOGISTICS** hired **WILBUR**

   **BROWN** and **LEON BRIGHT** for the positions of a) a Laborer, b) Helper, c) Driver, d)

   Warehouse Associates for the Company **ROBOGISTICS.** And because of this element,

   **PLAINTIFF** holds **ROBOGISTICS, DAVID MOORE, and SALH WYATT-**

   **KHAN** (the C.E.O), **SALAHUDDIN WYAT-KHAN (Co-Owner), and MATHEW**

   **LIVERMORE** in all; personal, official, as well as supervisory compacities. (Based upon

   theories of negligent hiring, negligent retention, negligent supervision, and failure to

   correct, fire, discipline **WILBUR BROWN**).

**18.** During the same time up until August 29, 2023-when it became clear that **ROBOGISTICS** terminated **LEON BRIGHT'S** positions-**ROBOGISTICS** gave specific tasks, duties, obligations to **LEON BRIGHT** to performed on daily basis.

**19.** These tasks, duties, obligations included but was not limited to: 1) cleaning the warehouse, 2) reconstructing the warehouse, 3) driving Company's truck and other vehicles traveling to different states picking up equipment, materials, and other tangible items to bring back to the **ROBOGISTICS** Tampa Location. Likewise taking equipment from Tampa Location to other States.

**20. ROBOGISTICS** also paid **LEON BRIGHT** 18 dollars by the hour for which for many weeks working 45-50 hours a week. (Although **ROBOGISTICS** failed to pay overtime).

**21. ROBOGISTICS** also begin to train **LEON BRIGHT** and **WILBUR BROWN** on how to operate the Robot machines and how to build them for their clients such as Coca Cola, U.S. DOT, and Sherwin Paint.

**22. ROBOGISTICS** also paid for Airline tickets, hotels, and per diem to **LEON BRIGHT** (although unexceptionally low-44 dollars a day) for the purpose of completing their task i.e., transporting equipment and materials to their projected destinations.

**23. ROBOGISTIC** designated the Company's truck to **LEON BRIGHT** daily, and designated another truck to **WILBUR BROWN** so we could fulfil the Company's desires and daily tasks such as traveling out of state simultaneously.

24. Daily we reported hours worked to **DAVID MOORE** who in turn *A.C.H.* payments through direct deposits to each of our bank accounts. This continued for no less than two consecutive months.

25. **ROBOGISTICS** and the team managers including but not limited to: **SALH WYATTKHAN, MATHEW LIVERMORE, DAVID MOORE** would schedule meetings with **WILBUR BROWN** and **LEON BRIGHT** verbally expressing the fact that *"we (BROWN and BRIGHT) were part of the team, a family and not just mere employees working for ROBOGISTICS."*

26. These verbal expressions were intended to cause **LEON BRIGHT** to feel proud that he was employed and part of the Company **ROBOGISTICS**. The verbal comments also promised continued employment for **LEON BRIGHT** as well as job security.

27. At some point between July 22, 2023-August 28th 2023 a pattern was being created with selective treatment between **WILBUR BROWN** and **LEON BRIGHT**, for instance: **DAVID MOORE** promised to provide both **WILBUR BROWN** and **LEON BRIGHT** the company's I-Phone and a designated email address for each. **WILBUR BROWN** was provided with his I-Phone and companies E-mail address, but not **LEON BRIGHT**.

28. In Fact, **DAVID MOORE** provided **LEON BRIGHT** an I-Phone but soon after took it back. **DAVID MOORE** did not provide an E-mail address from the company for **LEON BRIGHT** to have. **LEON BRIGHT** reasonably believed **DAVID MOORE** was biased

against **PLAINTIFF LEON BRIGHT'S** color, ethnicity and younger age being *46,* and in favor of **WILBUR BROWN'S** older age being *61.*

29. On or about July 24, 2023, **LEON BRIGHT** complained to **DAVID MOORE** and to **SALAHUDDIN WYAT-KHAN**-(a Co-Owner of **ROBOGISTICS** and **SALH WYATTKHAN'S** brother) of **WILBUR BROWN'S** aggressively harsh behavior, violent tendencies, and unprofessionalism and fraudulent intentions-such as **WILBUR BROWN'S** continuing begging for **PLAINTIFF LEON BRIGHT** to give him money on daily basis claiming he'd **(BROWN)** would pay **PLAINTIFF LEON BRIGHT** back once his company's debit card come through mail to the **ROBOGISTICS Co.** address . However, each of these two, **MOORE and WYATKHAN**, turned blind eyes to **LEON BRIGHT'S** complaints.

30. And when **LEON BRIGHT** complained about the extremely low per diem (44$ a day on travel), **LEON BRIGHT** was threatened by **SALAHUDDIN WYAT-KHAN**. For which **SALAHUDDIN** directly stated: *"You (BRIGHT) had better be careful of what 'you' ask for. You can go back to your cheap labor pool where you were."* **LEON BRIGHT** took this to mean that he'd be fired, terminated for complaining about the company's cheap per diem (as a condition) and for complaining about **WILBUR BROWN'S** unprofessional behavior.

31. In fact, in that same conversation **SALAHUDDIN** also said *"if it was not for Wilbur Brown you (BRIGHT) would not have a 'job."* **LEON BRIGHT** took this comment to mean that BRIGHT was under full control of **BROWN** for purposes of employment at

ROBOGISTICS.

32. Soon after these transactions and occurrences between **LEON BRIGHT** and

**ROBOGISTICS'** management, they took a step further and directly told **WILBUR**

**BROWN** it was up to him what he wanted to do with **LEON BRIGHT'S** employment at

**ROBOGISTICS.**

33. Once **WILBUR BROWN** (*an African American older man and convicted felon*) became

aware of how the Company, **ROBOGISTICS** felt about **LEON BRIGHT** and their

selective treatment toward **LEON BRIGHT**, he (**BROWN**) began to use his position as a

platform to threaten **BRIGHT** daily. This included him asking **LEON BRIGHT** for money

while saying *"if you give me 50 dollars, I'll look out for you and save your job-because*

*those people (**ROBOGISTICS** management team) don't like you." [It should be noted*

***WILBUR BROWN** continued these fraudulent transactions for over two months conjuring*

*up to **2000.00 USD** out of **PLAINTIFF LEON BRIGHT'S** account].* This was further

evidenced when on one occasion **PLAINTIFF LEON BRIGHT** was fulfilling a task for

**PROJECT MANAGER MATHEW LIVERMOORE** which called for communication,

**MATHEW LIVERMOOR**E text back derogatory response saying, *"what you want FUCK*

*BOY!"*

34. **WILBUR BROWN** became more aggressive and violent toward **LEON BRIGHT** as well

fraudulent at his disposal all while **DAVID MOORE**, **SALH WYATT-KHAN** knew

**WILBUR BROWN'S** behavior was unethical and unprofessional and yet still turned

blind eyes to this fact. Thus, ignoring **WILBUR BROWN'S** behavior created indifference

to **LEON BRIGHT'S** right to be free from hostile work environments and discrimination as well retaliation. All for which **LEON BRIGHT** was subjected to and endured.

35. At least on 10 separate occasions from the time of July 24, 2023, to August 29, 2023 **WILBUR BROWN** would create a hostile environment by initiating violent arguments with **LEON BRIGHT** which included him raising his hands as if to strike. Yelling at **LEON BRIGHT** using and calling derogatory language, such as: **"You Bi\*ch", "F\*ck Ni\*er", "I'll beat your ass" "I'm a registered Black Belt"** and or words to that effect. On August 29, 2023, **WILBUR BROWN** assaulted **PLAINTIFF LEON BRIGHT** by screaming and yelling with his hand up above **PLAINTIFF'S** head within a foot of contact in a violent tone saying: *"nigga I'll throw you out this truck while driving at 100 miles an hour."*

36. On one occasion, after **WILBUR BROWN** became extremely intoxicated and then engaged into a toxic heated argument with **LEON BRIGHT**, he became so mad, as he was driving the company's truck, he ran three red lights in a row as if attempting to commit murder by suicide upon **LEON BRIGHT**. At this time, all; **SALH WYATT-KHAN, DAVID MOORE**, cut off all communication between **LEON BRIGHT** in efforts to curtail any complaints **LEON BRIGHT** may have had concerning **WILBUR BROWN**.

37. **WILBUR BROWN** also began to use his titled position from **ROBOGISTICS** to fraudulently extort money from **LEON BRIGHT**. On one occasion he falsely claimed that he (**BROWN***) "purchased a vehicle from MATHEW LIVERMORE (a project manager at*

*ROBOGISTICS), for 1000 dollars."* And that he would then *"sell it to **LEON BRIGHT** for only 500 dollars because **LEON BRIGHT** helped him (**BROWN**) financially."*

38. However, after **LEON BRIGHT** provided the 500 dollars to **WILBUR BROWN**, he began to use deception. Making excuses for taking **LEON BRIGHT'S** 500 dollars and not having the vehicle **LEON BRIGHT** paid for. Soon after, **LEON BRIGHT** demanded he (**BROWN**) give back his money, **WILBUR BROWN** began to plot to have **LEON BRIGHT** terminated, excused, separated, fired by **ROBOGISTICS** so he would not have to pay back the money he stole. In fact, **ROBOGISTICS** are held vicariously liable for the unlawful conversion committed by **WILBUR BROWN**. This is so because **DEFENDANT WILBUR BROWN'S** theft was an act within the course and scope of **WILBUR BROWN'S** employment while carrying out **ROBOGISTIC'S** business and or otherwise acting on **ROBOGISTICS'** behalf.

39. Liability rests upon **SALH WYATTKHAN, DAVID MOORE, ROBOGISTICS LLC** due to these three specific **DEFENDANTS** in unison i.e., failure to correct, train, or fire **WILBUR BROWN** once his inappropriate behavior became known to **DEFENDANTS**. And as well, **DEFENDANTS: SALH WYATTKHAN, DAVID MOORE, ROBOGISTICS LLC, SALAHUDDIN WYATT-KHAN, MATHEW LIVERMORE** are also liable under theories of the negligent hiring of **DEFENDANT WILBUR BROWN** when each named **DEFENDANT** above knew or should have known **DEFENDANT WILBUR BROWN** was a convicted felon having at least one conviction

11

for grand theft and other fraudulent behavior in past before he was hired by **SALAHUDDIN WYATT-KHAN, SALH WYATTKHAN, ROBOGISTICS LLC**, and **DAVID MOORE.**

40. Essentially **WILBUR BROWN** used his position, employment for **ROBOGISTICS**, to commit theft upon **PLAINTIFF LEON BRIGHT**, especially since the theft was committed while on job duties.

41. This theft of **LEON BRIGHT'S** money by **WILBUR BROWN** was a reason for having **LEON BRIGHT** terminated from his position at **ROBOGISTICS**. In fact, except for **ROBOGISTICS'** hiring of **WILBUR BROWN**, he would not have been able to steal **LEON BRIGHT'S** 500 dollars on the job and carry out the Company's tasks.

42. **ROBOGISTICS** is also responsible for the theft by **WILBUR BROWN** of **LEON BRIGHT'S** 500 dollars with interest incurred, because **WILBUR BROWN** was both acting within the scope of **ROBOGISTICS LLC** and in furtherance of **ROBOGISTICS LLC** interest. Including the fact **SALH WYATT-KHAN** and **DAVID  MOORE** used **PLAINTIFF LEON BRIGHT'S** account to pay **DEFENDANT WILBUR BROWN'S** daily pay, per diem, and gas during travel multiple times.

43. Soon after these events and leading up to August 29, 2023 all; **SALH WYATT-KHAN, WILBUR BROWN, MATHEW LIVERMORE, and DAVID MOORE (ROBOGISTICS MANAGEMENT)** began to email, call, each other and have negative secrete conversations about **LEON BRIGHT.** (In fact, **MATHEW LIVERMORE**

witness an incident between **PLAINTIFF LEON BRIGHT** and **WILBUR BROWN** [WILBUR BROWN] began to say derogatory insults to **LEON BRIGHT**] as this continued, **PLAINTIFF** demanded **MATHEW LIVERMORE** to discipline the unprofessional behavior of **WILBUR BROWN. MATHEW LIVERMORE** however refused and instead grabbed **PLAINTIFF LEON BRIGHT'S** shoulders with two hands in an intimidated and aggressive manner and said, ***"forget about it and keep your mouth closed if you want to keep your job nigger."***

44. On August 29, 2023, **WILBUR BROWN** directly told **LEON BRIGHT** that he (BRIGHT) was fired by **SALH KHAN** because *"they (ROBOGISTICS) didn't need another nigger filing lawsuits on them (ROBOGISTICS)."*

45. SALH WYATT-KHAN, DAVID MOORE, ROBOGISTICS LLC., were tasked with the duty to correct, train, discipline terminate **WILBUR BROWN** once the above-named **DEFENDANTS** became known of **WILBUR BROWN'S** past conviction for *Grand Theft*, his deception, hostility, unprofessionalism and threats of violence and karate moves he did to show signs of intimidation while on the job-especially since **PLAINTIFF LEON BRIGHT** complained.

46. **PLAINTIFF LEON BRIGHT** holds **SALH WYATT-KHAN, DAVID MOORE, ROBOGISTICS LLC** vicariously liable for the acts of **WILBUR BROWN** which led to **PLAINTIFF LEON BRIGHT'S** termination, separation, and or firing by **ROBOGISTICS.** Thus, causing major damages i.e., emotional, psychological, financial

specifically described below.

## COUNT I: VIOLATION OF FLSA (FAIR LABOR STANDARDS ACT) BY MISCLASSIFING PLAINTIFF AS AN INDEPENDENT CONTRACTOR

**46. PLAINTIFF**: LEON BRIGHT,

**47. DEFENDANTS**: SALH WYATT-KHAN, DAVID MOORE, ROBOGISTICS LLC,

**48. DEFENDANTS** each named above exploited the 1099 IRS Form to misclassify **Plaintiff LEON BRIGHT** as an Independent Contractor solely to deprive **LEON BRIGHT** of overtime wages, sick leave, and unemployment insurance.

**49.** Approximately from July 10, 2023, until August 29, 2023, Plaintiff worked an average of 35 hours overtime. Working an average of 9 hours a day Monday through Friday and some weekends. And at 18 dollars an hour rate, this sum equates to a total of 945 dollars of unpaid overtime.

**50. DEFENDANTS WYATT-KHAN** and **DAVID MOORE** knew or should have known by hiring **PLAINTIFF LEON BRIGHT** as an Independent Contractor and using him as a full time **W2** employee for **ROBOGISTICS** (based upon duties, responsibilities and daily tasks directed by **WYATT-KHAN** and **DAVID MOORE**) **ROBOGISTIC** had a lawful duty and requirement to pay a share of **PLAINTIFF LEON BRIGHT'S** Social Security and Medicare taxes, over-time, unemployment insurance.

51. **DEFENDANTS WYATT-KHAN** and **DAVID MOORE** also were lawfully required to keep accurate time and pay records which, if did not, would violate **FLSA.** It is alleged that **PLAINTIFF LEON BRIGHT** has lost approximately **3,500 USD** of work pay and relative compensation during the period between July 10, 2023, and August 29, 2023.

52. **PLAINTIFF LEON BRIGHT** recollects many trips taken for **ROBOGISTICS'** job orders where **LEON BRIGHT** would drive, ride, with **WILBUR BROWN** for 14-17 hours a day. But was only paid for 9 or 8 hours.

53. **ROBOGISTICS** even had the audacity to attempt to use a fraudulent business run under **WILBUR BROWN'S PLATINUM ARCHITECTS & DESIGNS LLC.** And this was done solely to support and further the company's **(ROBOGISTICS)** attempts to claim **LEON BRIGHT** was an Independent Contractor.

54. Furthermore, **DEFENDANTS** on more than one occasion would compel **PLAINTIFF LEON BRIGHT** to travel, be booked in a hotel room and not consider the weekends or days with inclement weather as workdays. And this resulted in **PLAINTIFF LEON BRIGHT** not being paid. In violation of **FLORIDA'S MINIMUM WAGE LAW** and **FLSA.**

55. These intentional acts by **ROBOGICTICS** did not only deny **LEON BRIGHT'S** full rights, protections and benefits under federal law, but these acts also supported **WILBUR BROWN'S** boisterous ego to a point he felt unstoppable and began to usurp authority over

LEON BRIGHT through false pretenses created by **ROBOGISTICS** management team.

56. This included but is not limited to **WILBUR BROWN** exclaiming "I'm your boss man *they* (***ROBOGISTICS i.e., SALH WYATT-KHAN and DAVID MOORE***) gave me (**BROWN**) power to fire you (**LEON BRIGHT**)!"

57. In any event, based upon **ROBOGISTICS** actions, transmissions and attempts described above, it is clear the Company intended for **LEON BRIGHT** to be a full-time employee under guise of an Independent Contractor in violation of Florida Law.

58. **ROBOGISTICS i.e., SALH WYATT-KHAN, DAVID MOORE'S** breach was the proximate cause of **LEON BRIGHT'S** loss of income, employment opportunity, benefits, overtime pay and wages.

59. **WHEREFORE, PLAINTIFF LEON BRIGHT** is entitled to compensatory damages in the amounts of **1,000,000.00 USD** against each **Defendant** i.e., **SALH WYATT-KHAN, DAVID MOORE,** and **ROBOGISTICS** severally and jointly according to law.

60. **PLAINTIFF LEON BRIGHT** is entitled to punitive damages in the amounts of **1,000,000.00 USD** against each **Defendant** i.e., **SALH WYATT-KHAN, DAVID MOORE,** and **ROBOGISTICS** severally and jointly according to law.

## COUNT II: VIOLATION OF 42 U.S.C.S. 2000e

61.     **PLAINTIFF: LEON BRIGHT,**

16

**62.**    **DEFENDANTS: ROBOGISTICS, SALH WYATT-KHAN, DAVID MOORE,**

**63**.    Based on allegations in paragraphs (1)-(49) above **LEON BRIGHT** is a member of

a protected class based on his race and age.

**64. BRIGHT** was qualified for the job description and position for which he was employed

to do.

**65. BRIGHT** suffered an adverse employment action, including, but not limited to a) being

threatened to lose job by **SALH WYATT-KHAN** and **DAVID MOORE** because **LEON**

**BRIGHT** is black.

**66. BRIGHT** endured retaliation for complaining about hostile conditions and persons

**(WILBUR BROWN)** concerning **ROBOGISTICS'** employees.

**67. BRIGHT** was singled out and targeted and harassed by other employees within

Company **ROBOGISTICS (WILBUR BROWN, MATHEW LIVERMORE** and

**DAVID MORE)**. These three **Defendants** shared wireless communications via text,

email and other means of communication with each other unbeknownst to **LEON**

**BRIGHT**. These contacts and conversations included the two plotting to have

**PLAINTIFF LEON BRIGHT** terminated for complaining about the extreme hostile

environment created by **DEFENDANT WILBUR BROWN**.

**68.** Other employees including European employees such as **DAVID MOORE, MATHEW**

LIVERMORE (white employees for **ROBOGISTICS**) were treated differently and more favorably by **ROBOGISTICS, and SALH WYATT-KHAN, DEFENDANTS** respectively.

69. **PLAINTIFF LEON BRIGHT** suffered damages including but not limited to compensation: 1) past and future lost earnings, 2) Emotional Distress, 3) actual monetary damages relevant to hourly work pay and overtime pay.

70. **PLAINTIFF LEON BRIGHT** is entitled to punitive damages in the amounts of 1,000,000.00 USD for the violation of federal statute and the fact **DEFENDANT ROBOGISTICS** willfully discriminated against **LEON BRIGHT** for being black and young (compared to most employees of **ROBOGISTICS**).

WHEREFORE, **PLAINTIFF LEON BRIGHT** demands:

a. A jury trial on all issues triable,

b. That process issues and that this Court take jurisdiction over the case,

c. An injunction restraining continued violations of law enumerated herein,

d. Compensation in the amount of for lost wages, benefits, and other remuneration,

e. Reinstatement of the **PLAINTIFF LEON BRIGHT** to a position comparable to the **PLAINTIFF'S** prior position, or the alternative, front pay,

f. Compensatory damages, including, but not limited to, emotional distress to the full extent allowable by law in the amount of **300,000.00 USD**,

18

g.  Prejudgment interest on all monetary recovery obtained,

h.  All cost and attorney's fees incurred in prosecuting these claims; and,

i.  For such other relief as the Court deems just and equitable.

### COUNT III: VIOLATION OF 42 U.S.C.S. 1981

70. **PLAINTIFF: LEON BRIGHT,**

71. **DEFENDANTS: ROBOGISTICS, SALH WYATT-KHAN, DAVID MOORE,**

72. **DEFENDANT LEON BRIGHT** re-alleges and incorporates allegations contained in Paragraphs (1)-(49) of his Complaint as if set forth in full.

73. **LEON BRIGHT** is a member of a protected class based on his race and age.

74. **LEON BRIGHT** was subjected to disparate treatment by the **DEFENDANTS** i.e., **ROBOGISTICS, SALH WYATT-KHAN,** and **DAVID MOORE.**

75. **LEON BRIGHT** was terminated, separated, fired from **ROBOGISTICS** based solely upon his race (being an African American Citizen) and he was retaliated against for complaining on conditions at the workplace.

76. **LEON BRIGHT** was subjected to retaliation and discriminated against for inter alia: a) complaining to **ROBOGISTICS** Management Team i.e., **DAVID MOORE, SALH WYATT-KHAN** concerning Supervisor **WILBUR BROWN'S** threats of violence,

unprofessionalism and harassment toward **LEON BRIGHT** as an African American and b)

**DEFENDANTS'** failing or refusing to take appropriate action to remedy fully the effects

of the discrimination and harassment and retaliation against **LEON BRIGHT.**

77. **LEON BRIGHT** suffered emotionally and as a result of the discriminative actions taken

by **ROBOGISTICS** against **LEON BRIGHT** it resulted in **LEON BRIGHT** being

greatly affected in fulfilling his job tasks and duties for **ROBOGISTICS.**

### WHEREFORE, PLAINTIFF LEON BRIGHT demands:

(k)  A jury trial on all issues triable,

(l)  That process issues and that this Court take jurisdiction over the case,

(m) An injunction restraining continued violations of law enumerated herein,

(n)  Compensation for lost wages, benefits, and other remuneration,

(o)  Reinstatement of the **PLAINTIFF LEON BRIGHT** to a position comparable to the

**PLAINTIFF'S** prior position, or the alternative, front pay,

(p)  Compensatory damages, including, but not limited to, emotional distress to the full

extent allowable by law in the amount of **300,000.00 USD,**

(q)  Punitive damages in the amount of **1,000,000.00 USD,**

(r)  Prejudgment interest on all monetary recovery obtained,

20

(s)  All cost and attorney's fees incurred in prosecuting these claims; and,

(t)  For such other relief as the Court deems just and equitable.

## COUNT IV: NEGLIGENT SUPERVISION

78. **PLAINTIFF: LEON BRIGHT,**

79. **DEFENDANT: ROBOGISTICS, SALH WYATT-KHAN, DAVID MOORE,**

80. **PLAINTIFF LEON BRIGHT** made aware to each **DEFENDANT** named above concerning **WILBUR BROWN'S** aggressively hostile behaviors. Which affected **PLAINTIFF'S** ability to perform the duties, tasks and orders of **ROBOGISTICS.**

81. However, even being put on knowledge of **WILBUR BROWN'S** behavior all, **ROBOGISTICS, SALH WYATT-KHAN, DAVID MOORE,** turned blind eyes to **LEON BRIGHT'S** complaints and in turn, condoned **WILBUR BROWN'S** behavior which was the proximate cause of **LEON BRIGHT'S** emotional damages. Which included but not limited to a) harassment, b) retaliation, c) assault, d) and wrongful termination from job at **ROBOGISTICS.**

82. **PLAINTIFF LEON BRIGHT** incorporates paragraphs (1)-(49) and states: **DEFENDANTS: ROBOGISTICS, SALH WYATT-KHAN, DAVID MOORE** knew or should have known of problems with **WILBUR BROWN** (hence, **LEON BRIGHT** even witness same **DEFENDANT WILBUR BROWN** get violently aggressive with

MATHEW LIVERMORE, DAVID MOORE, SALH WYATT-KHAN and
SALAHUDDIN WYATT-KHAN).

83. **DEFENDANTS: ROBOGISTICS, SALH WYATT-KHAN, DAVID MOORE** owed
**PLAINTIFF LEON BRIGHT** a duty to protect him from a particular injury, adverse
action, and damage caused by **WILBUR BROWN.**

84. **DEFENDANTS: ROBOGISTICS, SALH WYATT-KHAN, DAVID MOORE** breached
their duty by failing to take further action consistent with **LEON BRIGHT'S** complaints.
Such as investigation, discharge, or reassignment. Especially since **DEFENDANTS:
ROBOGISTICS, SALH WYATT-KHAN, DAVID MOORE** either knew or should have
known **DEFENDANT WILBUR BROWN** was a convicted felon, and previously
participated in fraudulent transactions such as grand theft prior to **DEFENDANT WILBUR
BROWN** working for **ROBOGISTICS CO.**

85. **DEFENDANTS ROBOGISTICS, SALH WYATT-KHAN, DAVID MOORE** breach
was the proximate cause of **LEON BRIGHT'S** injury and damages including being
separated from position on job for **ROBOGISTICS** and being assaulted by **WILBUR
BROWN** on job sites-specifically on August 29, 2023.

86. **PLAINTIFF LEON BRIGHT** is suffering damage as a result of the breach as specifically
described in this Complaint.

**WHEREFORE, PLAINTIFF LEON BRIGHT** demands:

(u)     A jury trial on all issues triable,

(v)     That process issues and that this Court take jurisdiction over the case,

(w)     An injunction restraining continued violations of law enumerated herein,

(x)     Compensation for lost wages, benefits, and other remuneration,

(y)     Reinstatement of the **PLAINTIFF LEON BRIGHT** to a position comparable to the **PLAINTIFF LEON BRIGHT'S** prior position, or the alternative, front pay,

(z)     Compensatory damages, including, but not limited to, emotional distress to the full extent allowable by law in the amount of **250,000.00 USD,**

(aa)    Punitive damages in the amount of **750,000.00 USD,**

(bb)    Prejudgment interest on all monetary recovery obtained,

(cc)    All cost and attorney's fees incurred in prosecuting these claims; and,

(dd)    For such other relief as the Court deems just and equitable.

## COUNT V: NEGLIGENT HIRING/RETENTION

**87. PLAINTIFF: LEON BRIGHT,**

**88. DEFENDANTS: ROBOGISTICS, SALH WYATT-KHAN, DAVID MOORE,**

89. **PLAINTIFF LEON BRIGHT** made aware to each **DEFENDANT** named above concerning **WILBUR BROWN'S** aggressively hostile behaviors. Which affected **PLAINTIFF'S** ability to perform the duties, tasks and orders of **ROBOGISTICS**.

90. However, even being put on knowledge of **WILBUR BROWN'S** behavior all, **ROBOGISTICS, SALH WYATT-KHAN, DAVID MOORE,** turned blind eyes to **LEON BRIGHT'S** complaints and in turn, condoned **WILBUR BROWN'S** behavior which was the proximate cause of **LEON BRIGHT'S** emotional damages. Which included but not limited to a) harassment, b) retaliation, c) assault, d) and wrongful termination from job at **ROBOGISTICS**.

91. **PLAINTIFF LEON BRIGHT** incorporates paragraphs (1)-(49) and states: **DEFENDANTS: ROBOGISTICS, SALH WYATT-KHAN, DAVID MOORE** knew or should have known of problems with **WILBUR BROWN** (hence, **LEON BRIGHT** even witness same **DEFENDANT WILBUR BROWN** get violently aggressive with **MATHEW LIVERMORE, DAVID MOORE, SALH WYATT-KHAN** and **SALAHUDDIN WYATT-KHAN**).

92. **DEFENDANTS: ROBOGISTICS, SALH WYATT-KHAN, DAVID MOORE** owed **PLAINTIFF LEON BRIGHT** a duty to protect him from a particular injury, adverse action, and damage caused by **WILBUR BROWN**.

93. **DEFENDANTS: ROBOGISTICS, SALH WYATT-KHAN, DAVID MOORE** breached their duty by failing to take further action consistent with **LEON BRIGHT'S** complaints.

Such as investigation, discharge, or reassignment. Especially since **DEFENDANTS: ROBOGISTICS, SALH WYATT-KHAN, DAVID MOORE** either knew or should have known **DEFENDANT WILBUR BROWN** was a convicted felon, and previously participated in fraudulent transactions such as grand theft prior to **DEFENDANT WILBUR BROWN** working for **ROBOGISTICS CO.**

94.    **DEFENDANTS ROBOGISTICS, SALH WYATT-KHAN, DAVID MOORE** breach  was the proximate cause of **LEON BRIGHT'S** injury and damages including being separated from position on job for **ROBOGISTICS** and being assaulted by **WILBUR BROWN** on job sites-specifically on August 29, 2023. And for having **PLAINTIFF LEON BRIGHT** robbed for at least 2500.00 USD by **DEFENDANT WILBUR BROWN** working for **ROBOGISTICS CO.**

95.    **PLAINTIFF LEON BRIGHT** is suffering damage because of the breach as specifically described in this Complaint.

**WHEREFORE, PLAINTIFF LEON BRIGHT** demands:

(u)    A jury trial on all issues triable,

(v)    That process issues and that this Court take jurisdiction over the case,

(w)    An injunction restraining continued violations of law enumerated herein,

(x)    Compensation for lost wages, benefits, and other remuneration,

(y)    Reinstatement of the **PLAINTIFF LEON BRIGHT** to a position comparable to

the **PLAINTIFF LEON BRIGHT'S** prior position, or the alternative, front pay,

(z)    Compensatory damages, including, but not limited to, emotional distress to the full

extent allowable by law in the amount of **250,000.00 USD**,

(aa)    Punitive damages in the amount of **750,000.00 USD**,

(bb)    Prejudgment interest on all monetary recovery obtained

## COUNT VI: FLORIDA COMMON LAW ASSAULT

**87. PLAINTIFF: LEON BRIGHT,**

**88. DEFENDANTS: ROBOGISTICS, WILBUR BROWN,**

**89. PLAINTIFF** incorporates paragraphs (35)-(36) and inserts:

**90. DEFENDANT WILBUR BROWN** acted with intent to cause harm and intimation which

cause **PLAINTIFF LEON BRIGHT** to reasonably fear immediate harm due to **WILBUR**

**BROWN'S** action August 29, 2023, which included but was not limited to:

**91. WILBUR BROWN'S** action impulsively screaming in **COMPANY'S** Truck

(**ROBOGISTICS**) while **PLAINTIFF LEON BRIGHT** was fast asleep on passenger's

side.

92. Saying to **PLAINTIFF LEON BRIGHT**: "YOU FUCK NIGGA I'LL KILL YOU!"

93. While **WILBUR BROWN** was yelling at **PLAINTIFF** for no reason, and while surprisingly awakening **PLAINTIFF LEON BRIGHT, WILBUR BROWN** raised his right arm up above **PLAINTIFF LEON BRIGHT'S** as if to strike, hit, punch or slap **PLAINTIFF** and screamed *"I'll knock you out this truck while still driving **FUCK NIGGA!"***

94. **PLAINTIFF** immediately feared that a dangerous and violent **WILBUR BROWN** would both strike **PLAINTIFF LEON BRIGHT** with hand and or throw **PLAINTIFF** out of the moving vehicle. Thus, creating a reasonable fear **PLAINTIFF** would be violently assaulted.

95. **WILBUR BROWN'S** assault was a proximate cause for **PLAINTIFF'S LEON BRIGHT'S** damages, which included but is not limited to; extreme mental damages, fear, shock, insult, degradation, which **PLAINTIFF** suffers now, and will continue in the future. **WHEREFORE, PLAINTIFF LEON BRIGHT** seeks compensation and psychological damages in the amount of **250,000.00 USD.**

   **WHEREFORE, PLAINTIFF LEON BRIGHT** demands:

   (ee)    A jury trial on all issues triable,

   (ff)    That process issues and that this Court take jurisdiction over the case,

   (gg)    An injunction restraining continued violations of law enumerated herein,

(hh)    Compensation for lost wages, benefits, and other remuneration,

(ii)    Reinstatement of the **PLAINTIFF LEON BRIGHT** to a position comparable to

the **PLAINTIFF'S** prior position, or the alternative, front pay,

(jj)    Compensatory damages, including, but not limited to, emotional distress to the full

extent allowable by law,

(kk)    Punitive damages in the amount of **250,000.00 USD,**

(ll)    Prejudgment interest on all monetary recovery obtained,

(mm)    All cost and attorney's fees incurred in prosecuting these claims; and,

(nn)    For such other relief as the Court deems just and equitable.

<u>**COUNT VII: COMMON LAW CONVERSION**</u>

**96.**    **PLAINTIFF: LEON BRIGHT,**

**97.**    **DEFENDANTS: WILBUR BROWN, ROBOGISTICS,**

**98.**    **DEFENDANT WILBUR BROWN** intentionally offered **PLAINTIFF LEON**

**BRIGHT** a vehicle he swore to have ready and prepared for **PLAINTIFF** once

**PLAINIFF** gave him **500 USD.**

**99.**    After **PLAINTIFF LEON BRIGHT** agreed to, as well believed, **DEFENDANT**

**WILLBUR BROWN'S** offer, **PLAINTIFF** gave **DEFENDANT 500 USD.**

100.      However, once **DEFENDANT WILBUR BROWN** received **PLAINTIFF'S 500 USD,** he began to scheme, by plotting to have **PLAINTIFF** fired from the job at **ROBOGISTICS** so he could run off with **PLAINTIFF'S** money and not worry about producing the vehicle **PLAINTIFF** paid for.

101.      And on August 29, 2023, **WILBUR BROWN** set in motion his fraudulent intentions by: **(1)** Starting a violent hostile argument with **PLAINTIFF LEON BRIGHT** inside Company's truck by yelling and raising his arm over **PLAINTIFF'S** head as if to strike **PLAINTIFF LEON BRIGHT.**

102.      **(2)** Pulling the Company's truck over on side of the road and getting out of the truck as he put two arms up in a fighting stance demanding **PLAINTIFF LEON BRIGHT** to get out the truck and fight **DEFENDANT WILBUR BROWN.**

103.      And **(3) DEFENDANT WILBUR BROWN** started screaming at **PLAINTIFF LEON BRIGHT** saying, *"Now you fired nigga, and I'm going to keep your money, you* (**PLAINTIFF LEON BRIGHT***) fired!"*

104.      Finally **(4) DEFENDANT WILBUR BROWN** immediately calling **DAVID MOORE,** and **SALH WYATT-KHAN** by cell phone falsely reporting that **PLAINTIFF** tried to assault him (**DEFENDANT**) on the job. For which **DAVID MOORE** and **SALH WYATT-KHAN,** used the false statement by **WILBUR BROWN** to fire and terminate **PLAINTIFF** from **ROBOGISTICS** and did

absolutely nothing to discipline **DEFENDANT WILBUR BROWN'S** assault upon **PLAINTIFF LEON BRIGHT**.

105.    **PLAINTIFF LEON BRIGHT** began demanding **WILBUR BROWN** to return his **500 USD** from August 29, 2023 to date, but has since been met with resistance and **WILBUR BROWN'S** failure and refusal to return the **500 USD (Pursuant to Sec. 772.11 Fla. Stat. PLAINTIFF LEON BRIGHT** on or about **September 22, 2023** emailed **WILBUR BROWN** a formal copy of **DEMAND** for **LEON BRIGHT'S 500 USD** within 30 days of receipt of the letter). Which, as a result placed **PLAINTIFF LEON BRIGHT** in debt with other financial obligations belonging to **PALINTIFF**. Including, but not limited to: a) rent money, b) transportation money to get **PLAINTIFF LEON BRIGHT** to work and medical appointments, and c) money for his **PLAINTIFF LEON BRIGHT'S** food on a daily basis.

106.    Because **DEFENDANTS DAVID MOORE** and **SALH WYATT-KHAN, and ROBOGISTICS** in unison, retained **DEFENDANT WILBUR BROWN'S** employment even after being put on information, and complaints of **WILBUR BROWN'S** fraudulent behavior, his previous grand theft conviction and his violent tendencies before **DEFENDANT WILBUR BROWN'S** theft of **PLAINTIFF LEON BRIGHT**, same **DEFENDANTS i.e., DAVID MOORE** and **SALH WYATT-KHAN, and ROBOGISTICS** are liable for damages caused by

DEFENDANT WILBUR  BROWN and for which his fraudulent behavior was completed during **WILBUR BROWN'S** employment for **ROBOGISTICS**.

107.       Furthermore, **DEFENDANTS DAVID MOORE** and **SALH WYATT-KHAN,** and **ROBOGISTICS** failure to correct, train, discipline **DEFENDANT WILBUR BROWN** for alleged prior inappropriate behavior while on job also was proximate cause of **PLAINTIFF LEON BRIGHT'S** damages including the loss of **500 USD**. Especially so as **DEFENDANTS DAVID MOORE** and **SALH WYATT-KHAN, and ROBOGISTICS** had knowledge of **DEFENDANT WILBUR BROWN'S** criminal history and prior theft or fraud arrest and or convictions prior to when **DEFENDANT WILBUR BROWN** stole **PLAINTIFF LEON BRIGHT'S 500 USD** while on the job for **DEFENDANT ROBOGISTICS**.

WHEREFORE, **PLAINTIFF LEON BRIGHT** seeks compensation and psychological damages in the amount of **250,000.000 USD**.

WHEREFORE, **PLAINTIFF LEON BRIGHT** demands:

(nn)       A jury trial on all issues triable,

(oo)       That process issues and that this Court take jurisdiction over the case,

(pp)       An injunction restraining continued violations of law enumerated herein,

(qq)     Compensation for lost wages, benefits, and other remuneration, as well treble amount

of **500 USD** which were defrauded by **DEFENDANT WILBUR BROWN'S** theft

committed upon **PLAINTIFF LEON BRIGHT'S** funds.

(rr)     Reinstatement of the **PLAINTIFF LEON BRIGHT** to a position comparable to

the **PLAINTIFF'S** prior position, or the alternative, front pay,

(ss)     Compensatory damages, including, but not limited to, emotional distress to the full

extent allowable by law,

(tt)     Punitive damages in the amount of **250,000.00 USD**,

(uu)     Prejudgment interest on all monetary recovery obtained,

(vv)     All cost and attorney's fees incurred in prosecuting these claims; and,

(ww)     For such other relief as the Court deems just and equitable.

## COUNT VIII: COMMON LAW CIVIL THEFT

**108. PLAINTIFF: LEON BRIGHT,**

**109. DEFENDANTS: WILBUR BROWN, DAVID MOORE and SALH WYATT-KHAN,
ROBOGISTICS,**

**110. PLAINTIFF LEON BRIGHT** incorporates paragraphs (1)-(49) into this **EIGHTH**

CAUSE of action.

111. **DEFENDANT WILBUR BROWN** knowingly obtained or used or sought to use, **PLAINTIFF LEON BRIGHT'S 500 USD** with felonious and criminal intentions equating to robbery, theft, or stealing **500 USD** from **PLAINTIFF LEON BRIGHT. WILBUR BROWN'S** intent to steal **PLAINTIFF'S 500 USD** and or rob **PLAINTIFF'S 500 dollars** was for his own benefit and not of the **PLAINTIFF'S** expectations to purchase a vehicle.

112. **DEFENDANTS: DAVID MOORE** and **SALH WYATT-KHAN, ROBOGISTICS** failure to correct, supervise, or terminate **DEFENDANT WILBUR BROWN** once **DEFENDANTS** were aware and put on information concerning **DEFENDANT WILBUR BROWN'S** past criminal record as well of **PLAINTIFF LEON BRIGHT'S** complaints of **DEFENDANT WILBUR BROWN'S** unlawful acts are the proximate reasons for **PLAINTIFF LEON BRIGHT'S** losses and damages to date and in the future.

113. **DEFENDANTS: DAVID MOORE** and **SALH WYATT-KHAN, ROBOGISTICS** are held liable for the theft, fraud and corruption acted by **DEFENDANT WILBUR BROWN** because **DEFENDANT WILBUR BROWN** committed the acts while carrying out **ROBOGISTICS** duties. Especially as **ROBOGISTICS** used **PLAINTIFF LEON BRIGHT'S** banking account to issue payments to **WILBUR BROWN** from daily labor, and for other monetary reasons such as gas and per diem. It was the same account **DEFENDANT WILBUR BROWN** used to commit fraud, theft, and conversion of **PLAINTIFF LEON BRIGHT'S** funds including but not limited to **500 USD.**

**WHEREFORE, PLAINTIFF LEON BRIGHT** demands:

(ww)    A jury trial on all issues triable,

(xx)    That process issues and that this Court take jurisdiction over the case,

(yy)    An injunction restraining continued violations of law enumerated herein,

(zz)    Compensation for lost wages, benefits, and other remuneration, as well treble amount of **500 USD** which were defrauded by **WILBUR BROWN'S** theft committed upon **LEON BRIGHT'S** funds.

(aaa)   Reinstatement of the **PLAINTIFF LEON BRIGHT** to a position comparable to the **PLAINTIFF LEON BRIGHT'S** prior position, or the alternative, front pay,

(bbb)   Compensatory damages, including, but not limited to, emotional distress to the full extent allowable by law in the amount of **250,000.00 USD**,

(ccc)   Punitive damages in the amount of **250,000.00 USD**,

(ddd)   Prejudgment interest on all monetary recovery obtained,

(eee)   All cost and attorney's fees incurred in prosecuting these claims; and,

(fff)   For such other relief as the Court deems just and equitable.

## COUNT IX: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

110. **PLAINTIFF LEON BRIGHT,**

111. **DEFENADANTS: WILBUR BROWN, DAVID MOORE** and **SALH WYATT-KHAN,**

**ROBOGISTICS,**

112. **PLAINTIFF LEON BRIGHT** incorporates paragraphs (1)-(49) into this **NINTH CAUSE** of action. Since the firing of **PLAINTIFF LEON BRIGHT** from employment at **ROBOGISTICS, PLAINTIFF** has had several psychological episodes including but not limited to: a) feeling depressed from being wrongfully terminated, b) endured great fear of being violently attacked by **DEFENDANT WILBUR BROWN** while on job duties.

113. And c) being falsely accused of being a troublemaker or the 'bad guy' which thus wrongfully caused **PLAINTIFF'S** separation from **ROBOGISTICS** and defamed his character which at first month or so while employed with **ROBOGISTICS PLAINTIFF LEON BRIGHT** maintained an outstanding performance.

114. **DEFENDANTS: DAVID MOORE, SALH WYATT-KHAN,** and **ROBOGISTICS,** deliberate acts of retaining of or with the retention of **WILBUR BROWN'S** employment and turning blind eyes to **WILBUR BROWN'S** unprofessionalism, **WILBUR BROWN'S** violent as well fraudulent conduct and fraud conviction caused reckless or negligent infliction of mental suffering to **PLAINTIFF LEON BRIGHT**. And caused severe emotional, caused **PLAINTIFF LEON BRIGHT'S** high blood pressure to rise to dangerous life-threatening levels consistent with **165/100,** as well, mental, psychological distress to **PLAINTIFF LEON BRIGHT** as well. And

for which **PLAINTIFF LEON BRIGHT** continues to suffer now and will continue to suffer into the future.

**WHEREFORE, PLAINTIFF LEON BRIGHT** demands:

(fff)    A jury trial on all issues triable,

(ggg)    That process issues and that this Court take jurisdiction over the case,

(hhh)    An injunction restraining continued violations of law enumerated herein,

(iii)    Compensation for lost wages, benefits, and other remuneration, as well treble amount of **500 USD** which were defrauded by **WILBUR BROWN'S** theft committed upon **LEON BRIGHT'S** funds.

(jjj)    Reinstatement of the **PLAINTIFF LEON BRIGHT** to a position comparable to the **PLAINTIFF'S** prior position, or the alternative, front pay,

(kkk)    Compensatory damages, including, but not limited to, emotional distress to the full extent allowable by law in the amount of **250,000.00 USD**,

(lll)    Punitive damages in the amount of **250,000.00 USD**.

(mmm)    Prejudgment interest on all monetary recovery obtained,

(nnn)    All cost, and attorney's fees incurred in prosecuting these claims; and,

(ooo)    For such other relief as the Court deems just and equitable.

36

## COUNT X: COMMON LAW FRAUD IN THE INDUCEMENT

115. **PLAINTIFF LEON BRIGHT,**

116. **DEFENDANTS: WILBUR BROWN, DAVID MOORE** and **SALH WYATT-KHAN,**

**ROBOGISTICS,**

117. **PLAINTIFF LEON BRIGHT** incorporates allegations in paragraphs (37)-(45) in support of

this **TENTH CAUSE** of **ACTION,**

118. **DEFENDANT WILBUR BROWN** purposely made a false statement claiming he purchased

a vehicle from **MATHEW LIVERMORE (a Project Manager)** for a specified amount and

in turn falsely stated he (**DEFENDANT WILBUR BROWN**) would sell same vehicle to

**PLAINTIFF LEON BRIGHT** for **500 USD** once **PLAINTIFF LEON BRIGHT** paid the

**500 USD.**

117. **DEFENDANTS: DAVID MOORE** and **SALH WYATT-KHAN, ROBOGISTICS** are held

liable for the theft, fraud and corruption acted by **DEFENDANT WILBUR BROWN** because

**DEFENDANT WILBUR BROWN** committed the acts while carrying out

**ROBOGISTICS** duties. Especially as **ROBOGISTICS** used **PLAINTIFF LEON**

**BRIGHT'S** banking account to issue payments to **DEFENDANT WILBUR BROWN** from

daily labor, and for other monetary reasons such as gas and per diem. It was the same account

37

**DEFENDANT WILBUR BROWN** used to commit the fraud, theft, and conversion of **PLAINTIFF LEON BRIGHT'S** funds including but not limited to **500 USD**.

118. **DEFENDANTS: DAVID MOORE** and **SALH WYATT-KHAN, ROBOGISTICS** failure to correct, supervise, or terminate **DEFENDANT WILBUR BROWN** once **DEFENDANTS** were aware and put on information concerning **DEFENDANT WILBUR BROWN'S** past criminal record as well of **PLAINTIFF LEON BRIGHT'S** complaints of **DEFENDANT WILBUR BROWN'S** unlawful acts are the proximate reasons for **PLAINTIFF LEON BRIGHT'S** losses and damages as well as his victimization of theft to date and in the future.

119. **DEFENDANT WILBUR BROWN** knew or should have known his volunteered statement to induce **PLAINTIFF LEON BRIGHT** to give him **500 USD** (as a contract or the like) was unlawful, deceptive, and fraud for which **PLAINTIFF LEON BRIGHT** continue to suffer financially, emotionally, and psychologically presently and in the future.

**WHEREFORE, PLAINTIFF LEON BRIGHT** demands:

(ppp)    A jury trial on all issues triable,

(qqq)    That process issues and that this Court take jurisdiction over the case,

(rrr)    An injunction restraining continued violations of law enumerated herein,

(sss)    Compensation for lost wages, benefits, and other remuneration, as well treble amount of **500 USD** which were defrauded by **DEFENDANT WILBUR BROWN'S** theft committed upon **PLAINTIFF LEON BRIGHT'S** funds.

(ttt)    Compensatory damages, including, but not limited to, emotional distress to the full

extent allowable by law in the amount of **250,000.00 USD,**

(uuu)    Punitive damages in the amount of **250,000.00 USD,**

(vvv)    Prejudgment interest on all monetary recovery obtained,

(www)    All cost, and attorney's fees incurred in prosecuting these claims; and,

(xxx)    For such other relief as the Court deems just and equitable.

## UNNOTARIZED OATH

**PLAINTIFF LEON BRIGHT** under penalties of perjury attests to all facts stated herein as

true and correct to the best of knowledge.

*ROBOGISTICS LLC have more than 15 workers in its *establishment for more than 20
weeks proceeding incidents alleged herein*
**_LEON BRIGHT /s/_**

12411 Early Run Lane

Riverview Fl 33578

40