# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LEON BRIGHT,
    Plaintiff,
v.                                                    Case No. 8:23-cv-2414-TPB-TGW

ROBOGISTICS Co.,
WILBUR BROWN
SALH WYATT-KAHN
*ET AL.*,
    Defendants.

## REPORT AND RECOMMENDATION

The plaintiff filed an affidavit of indigency pursuant to 28 U.S.C. 1915 (Doc. 2), seeking a waiver of the filing fee for his complaint alleging violations of 29 U.S.C. 206 *et seq.* (Fair Labor Standards Act), 42 U.S.C. 1981, 42 U.S.C. 2000e *et seq.* (Title VII), and four state law claims. The plaintiff alleges, among other claims, that his former employer and defendant employees created a hostile work environment and terminated his employment based on his race, assaulted him, and stole money from him (Doc. 1).

The complaint is a shotgun pleading that does not comply with the Federal Rules of Civil Procedure, and the federal claims are not cognizable as alleged. I therefore recommend that the plaintiff's complaint

(Doc. 1) be dismissed, with leave to file an amended complaint.

I.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Furthermore, although "allegations of a pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers .... this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

II.

As indicated, the plaintiff's complaint is inadequate because it does not comply with the Federal Rules of Civil Procedure. Specifically, Rule 8(a)(2), F.R.Civ.P., requires a short and plain statement of the claim

2

showing that the pleader is entitled to relief. See McNeil v. United States, 508 U.S. 106, 113 (1993) (pro se litigants must comply with procedural rules that govern pleadings). The plaintiff's complaint, which is 40 pages long, is anything but plain and short.

Furthermore, the complaint is a form of a shotgun pleading which is condemned by the Eleventh Circuit. Barmapov v. Amuial, 986 F.3d 1321, 1324 (11th Cir. 2021) (Shotgun pleadings "are flatly forbidden by the spirit, if not the letter, of these rules."). A "shotgun pleading" forces the court to sift through the facts presented and decide for itself which are material to the particular claims asserted. Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d 364, 366-67 (11th Cir. 1996).

The Eleventh Circuit elaborated on shotgun complaints:

> "[W]e have identified four rough types or categories of shotgun pleadings." *Weiland,* 792 F.3d at 1321. The first is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third is a complaint that does not separate "each cause of

3

action or claim for relief" into a different count. *Id.* at 1323. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Barmapov v. Amuial, supra, 986 F.3d at 1324–25.

This complaint is undoubtedly a shotgun pleading. The "Statement of Facts" is eight pages long and contains legal conclusions, irrelevant purported facts, and scurrilous allegations. Compounding the problem is that the plaintiff incorporates his Statement of Facts into multiple causes of action (see e.g., Doc. 1, pp. 17, 21). Thus, the plaintiff's complaint falls under the first and second categories of an impermissible shotgun pleading.

Therefore, even construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff's complaint should be dismissed. See Barmapov v. Amuial, supra, 986 F.3d at 1324-25.

Moreover, it is readily apparent that the federal causes of action are missing essential elements. For example, the plaintiff's claim of race discrimination under Title VII and alleged violations of the Fair Labor

4

Standards Act do not allege facts showing that the defendants are employers as defined under each of these statutes. See 42 U.S.C. 2000e(b); 29 U.S.C. 207. Additionally, to the extent that the plaintiff purports to sue defendants in their individual capacities, that is not permitted under Title VII (see Doc. 1, pp. 16-17). See 42 U.S.C. 2000e(b); 2000e-2(a). Moreover, the plaintiff baselessly seeks compensatory and punitive damages totaling millions of dollars (see, e.g., Doc. 1, pp. 18, 20).

However, in this circumstance it is appropriate to permit the plaintiff to file an amended complaint. Thus, the district court generally may not dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Rule 15, F.R.Civ.P. See Troville v. Venz, 303 F.3d 1256, 1261 n.5 (11th Cir. 2002); 28 U.S.C. 1915(e)(2)(B)(ii).

In this regard, the plaintiff is advised that he should not — as he did this time — set forth a rambling list of events and circumstances. Further, each count should be supported within that count by a short and plain statement of relevant facts that support that claim.

Notably, the opportunity to file an amended complaint does not mean that the plaintiff has stated a cognizable claim. As indicated, the court has already identified deficiencies with two of the claims. Whether the other

claims contain the essential elements of a cause of action is properly evaluated after the plaintiff files a complaint that complies with the Federal Rules of Civil Procedure.

In sum, I recommend that the complaint be denied without prejudice to the plaintiff filing an amended complaint within 14 days, and ruling on the application to proceed in forma pauperis be deferred.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: November 13, 2023

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.